1
2
3
4
5
6           UNITED STATES DISTRICT COURT
7          EASTERN DISTRICT OF CALIFORNIA
8

9  ROLANDO CIFUENTES,            )    1:07-cv-1624 OWW GSA
                                 )
10              Plaintiff,       )    SCHEDULING CONFERENCE ORDER
                                 )
11      v.                       )    Discovery Cut-Off: 9/15/08
                                 )
12  CHARLIE MARLOW and CHRISTINE )    Non-Dispositive Motion
    MARLOW, dba Marlow Bee Farm, )    Filing Deadline: 11/15/08
13                               )
                Defendants.      )    Dispositive Motion Filing
14                               )    Deadline: 12/1/08
    _____)
15                                    Settlement Conference Date:
                                      11/4/08 10:00 Ctrm. 10
16
                                      Pre-Trial Conference
17                                    Date: 2/9/09 11:00 Ctrm. 3

18                                    Trial Date: 3/24/09 9:00
                                      Ctrm. 3 (JT-4 days)
19

20

21  I.   Date of Scheduling Conference.

22       February 13, 2008.

23  II.  Appearances Of Counsel.

24       Oswald & Mitchell by Jack Oswald, Esq., appeared on behalf

25  of Plaintiff.

26       Steven A. Geringer, Esq., appeared on behalf of Defendants.

27  ///

28  ///

                                1

III.   Summary of Pleadings.

   **Plaintiff's Statement**

   1.   Plaintiff seeks payment of $85,600.00 which Defendants agreed to pay in exchange for the provision of bees by Plaintiff to Defendants.   Plaintiff delivered the bees as agreed, Defendants paid one-third of what was owed, and have since refused to pay the rest.

   **Defendants' Statement**

   2.   Plaintiff and Defendants entered into an oral agreement wherein Plaintiff was to supply 1,192 colonies of bees for the purpose of pollination.   Defendants contend the vast majority of colonies of bees supplied by Plaintiff were useless and Defendants had to replace the useless colonies with replacement colonies from another supplier.

IV.   Orders Re Amendments To Pleadings.

   1.   The parties currently do not contemplate amending the pleadings.

V.   Factual Summary.

   A.   Admitted Facts Which Are Deemed Proven Without Further Proceedings.

       1.   Plaintiff and Defendants entered into an oral contract for Plaintiff to supply 1,192 colonies of bees to Defendants at Chowchilla, California, for pollination of agricultural farms and orchards near Chowchilla, California, at a price of $100.00 per colony, for a total cost of $119,200.00.

       2.   Plaintiff delivered bees to Defendants.

       3.   Defendants paid $33,600.00, one-third of the total amount due on or about March 19, 2007.

1          4.   Plaintiff is a citizen of the State of Oregon.

2          5.   Defendants are citizens and residents of the

3   Eastern District of California.

4      B.   Contested Facts.

5          1.   The parties do not agree whether the bees were

6   productive and effective for pollination.

7          2.   Whether the bees performed as contracted.

8          3.   Whether there was anything wrong with the bees.

9          4.   Whether Defendants ever notified Plaintiff there

10  was anything wrong with the bees.

11         5.   Whether Defendants told Plaintiff they were not

12  paying Plaintiff because Defendants' customers were not paying

13  them.

14         6.   Whether Defendants ever had to secure replacement

15  bees to fulfill the terms of the agreement.

16         7.   Whether Defendants suffered any cost to replace

17  ineffective bee colonies.

18         8.   Whether Defendants have any right to recover under

19  a counter-claim.

20  VI.  Legal Issues.

21     A.   Uncontested.

22         1.   Jurisdiction exists under 28 U.S.C. § 1332.

23         2.   Venue is proper under 28 U.S.C. § 1391.

24         3.   The parties agree that the substantive law of the

25  State of California provides the rule of decision in this

26  diversity action.

27     B.   Contested.

28         1.   Whether or not the oral contract was breached.

3

1              2.    Whether or not performance was rendered in full.

2              3.    Whether or not Plaintiff was damaged and to what

3    extent.

4              4.    Whether or not Defendant was damaged and to what

5    extent.

6              5.    Whether or not any breach of contract caused harm

7    to any of the parties in this case.

8    VII. Consent to Magistrate Judge Jurisdiction.

9         1.    The parties have not consented to transfer the

10   case to the Magistrate Judge for all purposes, including trial.

11   VIII.      Corporate Identification Statement.

12        1.    Any nongovernmental corporate party to any action in

13   this court shall file a statement identifying all its parent

14   corporations and listing any entity that owns 10% or more of the

15   party's equity securities.  A party shall file the statement with

16   its initial pleading filed in this court and shall supplement the

17   statement within a reasonable time of any change in the

18   information.

19   IX.  Discovery Plan and Cut-Off Date.

20        1.    The parties shall exchange their Rule 26 disclosures on

21   or before March 14, 2008.

22        2.    The parties are ordered to complete all discovery on

23   or before September 15, 2008.

24        3.    The parties are directed to disclose all expert

25   witnesses, in writing, on or before July 15, 2008.  Any

26   supplemental or rebuttal expert disclosures will be made on or

27   before August 15, 2008.  The parties will comply with the

28   provisions of Federal Rule of Civil Procedure 26(a) regarding

                                   4

1  their expert designations.  Local Rule 16-240(a) notwithstanding,

2  the written designation of experts shall be made pursuant to F.

3  R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all

4  information required thereunder.  Failure to designate experts in

5  compliance with this order may result in the Court excluding the

6  testimony or other evidence offered through such experts that are

7  not disclosed pursuant to this order.

8      4.    The provisions of F. R. Civ. P. 26(b)(4) shall

9  apply to all discovery relating to experts and their opinions.

10  Experts may be fully prepared to be examined on all subjects and

11  opinions included in the designation.  Failure to comply will

12  result in the imposition of sanctions.

13  X.    Pre-Trial Motion Schedule.

14      1.    All Non-Dispositive Pre-Trial Motions, including any

15  discovery motions, will be filed on or before November 15, 2008,

16  and heard on December 19, 2008, at 9:00 a.m. before Magistrate

17  Judge Gary S. Austin in Courtroom 10.

18      2.    In scheduling such motions, the Magistrate

19  Judge may grant applications for an order shortening time

20  pursuant to Local Rule 142(d).  However, if counsel does not

21  obtain an order shortening time, the notice of motion must comply

22  with Local Rule 251.

23      3.    All Dispositive Pre-Trial Motions are to be

24  filed no later than December 1, 2008, and will be heard on

25  January 5, 2009, at 10:00 a.m. before the Honorable Oliver W.

26  Wanger, United States District Judge, in Courtroom 3, 7th Floor.

27  In scheduling such motions, counsel shall comply with Local Rule

28  230.

**XI.   Pre-Trial Conference Date.**

1.   February 9, 2009, at 11:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

2.   The parties are ordered to file a Joint Pre-Trial Statement pursuant to Local Rule 281(a)(2).

3.   Counsel's attention is directed to Rules 281 and 282 of the Local Rules of Practice for the Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference.  The Court will insist upon strict compliance with those rules.

**XII. Trial Date.**

1.   March 24, 2009, at the hour of 9:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

2.   This is a jury trial.

3.   Counsels' Estimate Of Trial Time:

a.   4 days.

4.   Counsels' attention is directed to Local Rules of Practice for the Eastern District of California, Rule 285.

**XIII.      Settlement Conference.**

1.   A Settlement Conference is scheduled for November 4, 2008, at 10:00 a.m. in Courtroom 10 before the Honorable Gary s. Austin, United States Magistrate Judge.

2.   Unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the Settlement Conference with the parties and the person or persons having full authority to negotiate and settle the case on any

**6**

1  terms at the conference.

2      3.   Permission for a party [not attorney] to attend
3  by telephone may be granted upon request, by letter, with a copy
4  to the other parties, if the party [not attorney] lives and works
5  outside the Eastern District of California, and attendance in
6  person would constitute a hardship.  If telephone attendance is
7  allowed, the party must be immediately available throughout the
8  conference until excused regardless of time zone differences.
9  Any other special arrangements desired in cases where settlement
10  authority rests with a governing body, shall also be proposed in
11  advance by letter copied to all other parties.

12      4.   Confidential Settlement Conference Statement.
13  At least five (5) days prior to the Settlement Conference the
14  parties shall submit, directly to the Magistrate Judge's
15  chambers, a confidential settlement conference statement.  The
16  statement should not be filed with the Clerk of the Court nor
17  served on any other party.  Each statement shall be clearly
18  marked "confidential" with the date and time of the Settlement
19  Conference indicated prominently thereon.  Counsel are urged to
20  request the return of their statements if settlement is not
21  achieved and if such a request is not made the Court will dispose
22  of the statement.

23      5.   The Confidential Settlement Conference
24  Statement shall include the following:

25          a.   A brief statement of the facts of the
26  case.

27          b.   A brief statement of the claims and
28  defenses, i.e., statutory or other grounds upon which the claims

are founded; a forthright evaluation of the parties' likelihood
of prevailing on the claims and defenses; and a description of
the major issues in dispute.

        c.    A summary of the proceedings to date.

        d.    An estimate of the cost and time to be
expended for further discovery, pre-trial and trial.

        e.    The relief sought.

        f.    The parties' position on settlement,
including present demands and offers and a history of past
settlement discussions, offers and demands.

XIV. Request For Bifurcation, Appointment Of Special Master,
Or Other Techniques To Shorten Trial.

    1.    None.

XV.  Related Matters Pending.

    1.    There are no related matters.

XVI. Compliance With Federal Procedure.

    1.    The Court requires compliance with the Federal
Rules of Civil Procedure and the Local Rules of Practice for the
Eastern District of California.  To aid the court in the
efficient administration of this case, all counsel are directed
to familiarize themselves with the Federal Rules of Civil
Procedure and the Local Rules of Practice of the Eastern District
of California, and keep abreast of any amendments thereto.

XVII.    Effect Of This Order.

    1.    The foregoing order represents the best
estimate of the court and counsel as to the agenda most suitable
to bring this case to resolution.  The trial date reserved is
specifically reserved for this case.  If the parties determine at

1  any time that the schedule outlined in this order cannot be met,

2  counsel are ordered to notify the court immediately of that fact

3  so that adjustments may be made, either by stipulation or by

4  subsequent scheduling conference.

5       2.   Stipulations extending the deadlines contained

6  herein will not be considered unless they are accompanied by

7  affidavits or declarations, and where appropriate attached

8  exhibits, which establish good cause for granting the relief

9  requested.

10      3.   Failure to comply with this order may result in

11 the imposition of sanctions.

12

13 IT IS SO ORDERED.

14 Dated:   February 13, 2008           /s/ Oliver W. Wanger
                                    UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9