UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROLANDO CIFUENTES, | ) | 1:07-cv-1624 OWW GSA |
| | ) | |
| Plaintiff, | ) | PRETRIAL ORDER |
| | ) | |
| v. | ) | Trial Date: 3/24/09 9:00 |
| | ) | Ctrm. 3 (JT-3 days) |
| CHARLIE MARLOW and CHRISTINE | ) | |
| MARLOW, dba Marlow Bee Farm, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

I.   JURISDICTION AND VENUE

1.   Plaintiff is a citizen of the State of Oregon and Defendants are citizens and residents of the Eastern District of California.  The bees at issue in this case were delivered to Defendants at Chowchilla, California, for pollination of agricultural farms and orchards near Chowchilla, California. Jurisdiction therefore exists under 28 U.S.C. § 1332 and venue is proper under 28 U.S.C. § 1391.

II.   JURY/NON-JURY

1.   Both parties have demanded a jury trial.

III.   FACTS

A.   Undisputed Facts

1.   Plaintiff and Defendants entered into an oral contract

1

1  for Plaintiff to supply 1,192 colonies of bees to Defendants at

2  Chowchilla, California, for pollination of agricultural farms and

3  orchards near Chowchilla, California, at a price of $100.00 per

4  colony, for a total cost of $119,200.

5      2.   Plaintiff delivered bees to Defendants.

6      3.   Defendants paid $33,600.00, one-third of the total

7  amount due on or about March 19, 2007.

8      4.   Plaintiff is a citizen of the State of Oregon.

9      5.   Defendants are citizens and residents of the Eastern

10  District of California.

11 B.   Disputed Facts

12      1.   The parties do not agree whether the bees were

13  productive and effective for pollination.

14      2.   Whether the bees performed as contracted.

15      3.   Whether there was anything wrong with the bees.

16      4.   Whether Defendants ever notified Plaintiff there was

17  anything wrong with the bees.

18      5.   Whether Defendants told Plaintiff they were not paying

19  Plaintiff because Defendants' customers were not paying them.

20      6.   Whether Defendants ever had to secure replacement bees

21  to fulfill the terms of the agreement.

22      7.   Whether Defendants suffered any cost to replace

23  ineffective bee colonies.

24      8.   Whether Defendants have any right to recover under a

25  counter-claim.

26              IV.   DISPUTED EVIDENTIARY ISSUES

27      1.   The parties are unaware of any disputed evidentiary

28  issues at this time.

                          2

1

### V.   SPECIAL FACTUAL INFORMATION

2       1.   Plaintiff states that the contract provided for
3  Plaintiff to supply 1,192 colonies of bees to Defendants at
4  Chowchilla, California, for pollination of agricultural farms and
5  orchards near Chowchilla, California, at a price of $100.00 per
6  colony, for a total cost of $119,200.00.

7       2.   The contract was oral but its part performance was
8  evidenced by a receipt from Northwest Honey & Pollination dated
9  March 18, 2007, and a check from defendants for 1/3 of the amount
10 due dated March 19, 2007.

11      3.   There have been no allegations of a misrepresentation
12 or any other matter affecting the validity of the contract.

13      4.   Plaintiff alleges that Defendants breached the oral
14 contract by refusing to pay the remaining $85,000.00 under the
15 contract even though Plaintiff alleges that his bees performed as
16 expected under the contract.

17      5.   Plaintiff alleges that the one-third payment on March
18 18, 2007, constitutes a waiver of any rights to refuse to pay the
19 remainder on the grounds of a failure of the bees to perform as
20 expected under the contract, and therefore, Plaintiffs should be
21 estopped from alleging that there was such a failure to perform
22 by the bees.

23      6.   The $85,000.00 in damages demanded by Plaintiff is
24 derived from the original billed amount under the contract of
25 $119,200.00 minus the $33,600.00 paid by Defendants to Plaintiff
26 on or about March 19, 2007.

27                        ### VI.   RELIEF SOUGHT

28      1.   Plaintiff seeks $85,600.00 from Defendants, plus court

**3**

1  costs and disbursements.

2                    VII.   DISPUTED ISSUES OF LAW

3       1.   Plaintiff bases its claim on the law of contracts.

4                    VIII.   ABANDONED ISSUES

5       1.   Plaintiff claims that Defendants have abandoned their

6  counterclaim.  Defendants have no evidence as to whose bees were

7  provided to any grower by Defendants (Defendants had several bee

8  suppliers including Plaintiff) and therefore cannot show that

9  Plaintiff's bees specifically were not performing as they were

10  supposed to.  One grower, Burnthorne Farms, testified that

11  (contrary to Defendants' assertions in their responses to

12  interrogatories and requests for production) the bees provided by

13  Defendants to them performed well and they paid Defendants in

14  full for the use of the bees.  Defendants have no records of

15  where any of the bees they were using were actually placed, so

16  they cannot identify whose bees in particular were not performing

17  as well as they should have been performing.

18       2.   Defendants continue to assert their counterclaim.

19                    IX.   WITNESSES

20  A.   Plaintiffs

21       1.   Rolando Cifuentes
              P. O. Box 281
22            Amity, Oregon 97101

23       2.   Angela Gonzalez
              2002 Marguerite Street
24            Dos Palos, California 93620

25       3.   Juan Carlos
              2100 Cougar Avenue, S.W.
26            Albany, Oregon 97231

27       4.   Franz Audriy Yordy
              34769 E. Lacomb Road
28            Lebanon, Oregon 97355

                              4

5.    Pedro Vera
      4202 Evergreen Street S.E.
      Albany, Oregon, 97032

6.    Gary Burnthorne
      Burnthorne Family Farms
      18577 Avenue 18
      Madera, California 93637

B.    **Defendants**

1.    Charlie Marlow
      23663 Fairmead Blvd.
      Chowchilla, CA 93610

2.    Christine Marlow
      23663 Fairmead Blvd.
      Chowchilla, CA 93610

3.    Bob Morlock
      3033 21st Street South
      Fargo, ND 58130

4.    David Marlow
      P. O. Box 73
      Mott, ND

5.    Lucky Farms
      P. O. Box 636
      Chowchilla, CA 93610

6.    Tara Singh
      9551 Avenue 25 1/2
      Chowchilla, CA 93610

7.    Emma Bounds
      33318 Avenue 12
      Madera, CA 93638

8.    Representative of IntegraBee, LLC

Counsel are each ordered to submit a list of witnesses to the court along with a copy for use by the Courtroom Deputy Clerk, on the same date and at the same time as the list of exhibits are to be submitted as ordered below.

**CAUTION**

Counsel are cautioned that expert witnesses, including percipient experts, must be designated as such.  No witness, not

5

identified as a witness in this order, including "rebuttal" witnesses, will be sworn or permitted to testify at trial.

### X. EXHIBITS, SCHEDULES AND SUMMARIES

The following is a list of documents or other exhibits that the parties expect to offer at trial.

CAUTION

Only exhibits so listed will be permitted to be offered into evidence at trial, except as may be otherwise provided in this order. No exhibit not designated in this pretrial order shall be marked for identification or admitted into evidence at trial.

A. Plaintiff's Exhibits

1. Check dated March 19, 2007, to Plaintiff for $33,600.00 signed by Christine Marlow.

2. Plaintiff's Invoice dated March 18, 2007, to Marlow Bee Farm with $85,600.00 remaining balance.

3. Uniform Straight Bill of Lading re 14 pallets and 56 boxes ("153126").

4. Shipping Order dated April 4, 2007, from Marlow Bee Farm to Plaintiff.

5. Uniform Straight Bill of Lading (with "1296+56=1352" at bottom).

6. Uniform Straight Bill of Lading re 108 pallets and 432 boxes (with "24 1/2 - 24 Isquierda" at bottom).

7. Uniform Straight Bill of Lading re 108 pallets and 432 boxes.

8. Shipping Order dated March 30, 2007, from Marlow Bee Farm to Plaintiff.

9. Checks dated February 7, 2006, and March 21, 2007, from

1  Burnthorne Family Farm to Defendants.

2      10.   Invoice from Defendants to Burnthorne Family Farm dated
3  February 7, 2006.

4      11.   Invoice from Defendants to Burnthorne Family Farm dated
5  February 19, 2007.

6      12.   Invoice from Defendants to Lucky Farms dated January
7  20, 2007, which states "pd in full."

8      13.   Invoice from Defendants to Tara Singh dated January 24,
9  2007.

10  B.   **Defendant's Exhibits**

11      1.   Invoice #1445 to Tara Singh for $9,360.00 dated January
12  24, 2007.

13      2.   Invoice #1444 to Lucky Farms for $13,000.00 dated
14  January 20, 2007.

15      3.   Invoice #1456 to SSB Farming Co., LLC for $5,200.00
16  dated February 19, 2007.

17      4.   Invoice #1458 to Satwinder Brar for $2,080.00 dated
18  February 19, 2007.

19      5.   Invoice #1455 to Emma Bounds for $4,000.00 dated
20  February 19, 2007.

21      6.   Invoice #55 to Marlow Bee Farm from IntegriBee, LLC in
22  the amount of $103,500.00 dated January 24, 2007.

23                    XI.   DISCOVERY DOCUMENTS

24      Only specifically designated discovery requests and
25  responses will be admitted into evidence.  Any deposition
26  testimony shall be designated by page and line and such
27  designations filed with the Court on or before March 13, 2009.
28  The opposing party shall counter-designate by line and page from

                              7

1  the same deposition and shall file written objections to any

2  question and answer designated by the opposing party and filed

3  with the court on or before March 20, 2009.

4       Written discovery shall be identified by number of the

5  request.  The proponent shall lodge the original discovery

6  request and verified response with the courtroom deputy one day

7  prior to trial.  The discovery request and response may either be

8  read into evidence, or typed separately, marked as an exhibit, as

9  part of the exhibit marking process, and offered into evidence.

10 A.   Plaintiff's List

11      1.   Plaintiff will use Defendants' responses to Plaintiff's

12 Interrogatory Nos. 10 and 11.

13                     XII.   STIPULATIONS

14      1.   None.

15                XIII.   AMENDMENTS - DISMISSALS

16      1.   The Plaintiff believes that several of Defendants'

17 affirmative defenses cannot be supported by any facts to be

18 presented by Defendants at trial.  Other than that, the parties

19 do not believe there need to be any changes in the pleadings.

20              XIV.   FURTHER TRIAL PREPARATION

21 A.   Trial Briefs.

22      Counsel are directed to file a trial brief in this matter on

23 or before March 14, 2009.  No extended preliminary statement of

24 facts is required.  The brief should address disputed issues of

25 substantive law, disputed evidentiary issues of law that will not

26 be resolved in limine, and any other areas of dispute that will

27 require resolution by reference to legal authority.

28 ///

**B.    Duty of Counsel To Pre-Mark Exhibits**.

    1.    Counsel for the parties are ordered to meet and conduct a joint exhibit conference on March 10, 2009, at 10:00 a.m. via telephone conference for purposes of pre-marking and examining each other's exhibits and preparing an exhibit list.  All joint exhibits will be pre-marked JX1-JX50; all of the plaintiff's exhibits will be pre-marked with numbers 51-150; all of defendant's exhibits will be pre-marked with numbers 151-250.

    2.    Each and every page of each and every exhibit shall be individually Bates-stamped for identification purposes, and paginated with decimals and arabic numerals in seriatim; i.e., 1.1, 1.2, 1.3 . . ..

    3.    Following such conference, each counsel shall have possession of four (4) complete, legible sets of exhibits, for use as follows:

        a.    Two (2) sets to be delivered to the Courtroom Deputy Clerk, Alice Timken, no later than 4:00 p.m. on March 20, 2009, an original for the court and one for the witness.

        b.    One (1) set to be delivered to counsel for the opposing party and one (1) set to be available for counsel's own use.

    4.    Counsel are to confer to make the following determination as to each of the exhibits proposed to be introduced into evidence and prepare separate indexes, one listing joint exhibits, one listing each party's exhibits:

        a.    Joint exhibits, i.e., any document which both sides desire to introduce into evidence, will be marked as a joint exhibit (JX), and numbered JX1-___.  Joint exhibits shall

1  be listed as such in the exhibit list in a column that notes they
2  are admitted into evidence without further foundation;

3         b.    As to any exhibit, not a joint exhibit, to which
4  there is no objection to its introduction into evidence, the
5  exhibit will be marked as Plaintiff's Exhibit ___, or Defendant's
6  Exhibit ___ in evidence, and will be listed in the exhibit list
7  as the exhibit of the offering party;

8         c.    The exhibit list shall include columns for noting
9  objections to exhibits.  The first column will list any
10 objections as to foundation; i.e., Plaintiff's Foundation 2 –
11 "not authenticated."

12        d.    The exhibit list shall include a second column for
13 noting substantive objections to exhibits based on any other
14 grounds; i.e., "hearsay, improper opinion, irrelevant."

15        e.    The exhibit list shall include a description of
16 each exhibit on the left-hand side of the page, and the three
17 columns outlined above (as shown in the example below).

18                         List of Exhibits

19                         Admitted       Objection       Other
   Exhibit #    Description    In Evidence    To Foundation    Objection
20

21        f.    The completed exhibit list shall be delivered to
22 the Courtroom Deputy Clerk on or before March 20, 2009, at 4:00
23 p.m., P.S.T.

24        g.    If originals of exhibits cannot be located, copies
25 may be used, however, the copies must be legible and accurate.
26 If any document is offered into evidence that is partially not
27 legible, the Court sua sponte will exclude it from evidence.
28 ///

C.    Discovery Documents.

     1.    Counsel shall file a list of discovery documents with the Courtroom Deputy Clerk at the same time and date as the witness and exhibit lists are lodged with the Courtroom Deputy Clerk, unless the discovery documents are marked as exhibits, which counsel intend to use at trial by designating by number, the specific interrogatory, request for admission, or other discovery document.   Counsel shall comply with the directions of subsection XII (above) for introduction of the discovery document into evidence.

D.    Motions In Limine.

     1.    The parties do not have any motions in limine to schedule for hearing at this time.

E.    Trial Documents.

     1.    Exhibits To Be Used With Witness.   During the trial of the case, it will be the obligation of counsel to provide opposing counsel not less than forty-eight hours before the witness is called to the witness stand, the name of the witness who will be called to testify and to identify to the Court and opposing counsel any exhibit which is to be introduced into evidence through such witness that has not previously been admitted by stipulation or court order or otherwise ruled upon, and to identify all exhibits and other material that will be referred to in questioning of each witness.   If evidentiary problems are anticipated, the parties must notify the court at least twenty-four hours before the evidence will be presented.

F.    Counsel's Duty To Aid Court In Jury Voir Dire.

     1.    Counsel shall submit proposed voir dire questions, if

1   any, to the Courtroom Deputy Clerk at atimken@caed.uscourts.gov
2   on or before March 20, 2009, by 4:00 p.m.  Counsel shall also
3   prepare a joint "statement of the case" which shall be a neutral
4   statement, describing the claims and defenses for prospective
5   jurors, to be used in voir dire.

6        2.   In order to aid the court in the proper voir dire
7   examination of the prospective jurors, counsel are directed to
8   lodge with the Court the day before trial a list of the
9   prospective witnesses they expect to call if different from the
10  list of witnesses contained in the Pre-Trial Order of the Court.
11  Such list shall not only contain the names of the witnesses, but
12  their business or home address to the extent known.  This does
13  not excuse any failure to list all witnesses in the Pre-Trial
14  Order.

15       3.   Counsel shall jointly submit, to the Courtroom Deputy
16  Clerk, the day before trial, a neutral statement of the claims
17  and defenses of the parties for use by the court in voir dire.
18  G.   Counsel's Duty To Prepare And Submit Jury Instructions.

19       1.   All proposed jury instructions shall be filed and
20  served on or before March 23, 2009, by 4:00 p.m.  Jury
21  instructions shall be submitted in the following format.

22       2.   Proposed jury instructions, including verdict forms,
23  shall be submitted via e-mail to dpell@caed.uscourts.gov
24  formatted in WordPerfect for Windows 10.  Counsel shall be
25  informed on all legal issues involved in the case.

26       3.   The parties are required to jointly submit one set of
27  agreed upon jury instructions.  To accomplish this, the parties
28  shall serve their proposed instructions upon the other fourteen

1  days prior to trial.  The parties shall then meet, confer, and
2  submit to the Court the Friday before the trial is to commence,
3  one complete set of agreed-upon jury instructions.

4       4.   If the parties cannot agree upon any instruction, they
5  shall submit a supplemental set of instructions designated as not
6  agreed upon by March 23, 2009, at 4:00 p.m.

7       5.   Each party shall file with the jury instructions any
8  objection to non-agreed upon instructions proposed by any other
9  party.  All objections shall be in writing and shall set forth
10  the proposed instruction objected to in its entirety.  The
11  objection should specifically set forth the objectionable matter
12  in the proposed instruction and shall include a citation to legal
13  authority explaining the grounds for the objection and why the
14  instruction is improper.  A concise statement of argument
15  concerning the instruction may be included.  Where applicable,
16  the objecting party shall submit an alternative proposed
17  instruction covering the subject or issue of law.

18       6.   **Format**.  The parties shall submit one copy of each
19  instruction.  The copy shall indicate the party submitting the
20  instruction, the number of the proposed instruction in sequence,
21  a brief title for the instruction describing the subject matter,
22  the test of the instruction, the legal authority supporting the
23  instruction, and a legend in the lower lefthand corner of the
24  instruction: "Given," "Given As Modified," "Withdrawn" and
25  "Refused" showing the Court's action with regard to each
26  instruction and an initial line for the judge's initial in the
27  lower right-hand corner of the instruction.  Ninth Circuit Model
28  Jury Instructions should be used where the subject of the

13

1 instruction is covered by a model instruction.

2   7.   All instruction should be short, concise,
3 understandable, and neutral statements of the law.  Argumentative
4 or formula instructions will not be given, and should not be
5 submitted.

6   8.   Parties shall, by italics or underlining, designate any
7 modifications of instructions from statutory authority, or any
8 pattern instruction such as the Model Circuit Jury Instructions
9 or any other source of pattern instructions, and must
10 specifically state the modification made to the original form
11 instruction and the legal authority supporting the modification.

12   9.   Proposed verdict forms shall be jointly submitted or if
13 the verdict forms are unagreed upon, each party shall submit a
14 proposed verdict form.  Verdict forms shall be submitted to the
15 Courtroom Deputy Clerk on the first day of the trial.

16   10.  Failure to comply with these rules concerning the
17 preparation and submission of instructions and verdict forms may
18 subject the non-complying party and/or its attorneys to
19 sanctions.

20             XV.  USE OF LAPTOP COMPUTERS/POWERPOINT FOR
21                    PRESENTATION OF EVIDENCE

22   1.   If counsel intends to use a laptop computer for
23 presentation of evidence, they shall contact Alice Timken,
24 Courtroom Deputy Clerk, at least one week prior to trial.  The
25 Courtroom Deputy Clerk will arrange a time for any attorney to
26 bring any laptop to be presented to someone from the Court's
27 Information Technology Department, who will provide brief
28 training on how the parties' electronic equipment interacts with

                              14

1  the court's audio/visual equipment.  If counsel intend to use

2  PowerPoint, the resolution should be set no higher than 1024 x

3  768 when preparing the presentation.

4      2.   ALL ISSUES CONCERNING AUDIO-VISUAL MATERIALS AND

5  COMPUTER INTERFACE WITH THE COURT'S INFORMATION TECHNOLOGY SHALL

6  BE REFERRED TO THE COURTROOM DEPUTY CLERK.

7                    XVI.   FURTHER DISCOVERY OR MOTIONS

8      1.   Discovery is closed.  The parties may agree to the

9  contrary.  Plaintiff may seek one or more depositions of the

10 listed witnesses for trial perpetuation purposes and would

11 request the ability to do so.  The parties do not otherwise

12 request additional time for further discovery or to file pre-

13 trial motions.

14                         XVII.   SETTLEMENT

15     1.   The parties have exhausted settlement efforts.

16                    XVIII.   SEPARATE TRIAL OF ISSUES

17     1.   The parties do not believe there should be separate

18 trials on any issues.

19         XIX.   IMPARTIAL EXPERTS, LIMITATIONS OF EXPERTS

20     1.   Because neither party designated any expert witnesses,

21 there does not appear to be any need for an impartial expert or a

22 limitation on experts.

23                       XX.   ATTORNEYS' FEES

24     1.   Neither party has demanded an award of attorneys fees.

25                   XXI.   ESTIMATE OF TRIAL TIME

26     1.   2-3 days.

27                       XXII.   TRIAL DATE

28     1.   March 24, 2009, at 9:00 a.m., in Courtroom 3, Seventh

                                  15

Floor.

### XXIII.   NUMBER OF JURORS AND PEREMPTORY CHALLENGES

1.   Eight jurors, four peremptory challenges per side.

### XXIV.   AMENDMENT OF FINAL PRETRIAL ORDER

1.   The Final Pretrial Order shall be reviewed by the parties and any corrections, additions, and deletions shall be drawn to the attention of the Court immediately.   Otherwise, the Final Pretrial Order may only be amended or modified to prevent manifest injustice pursuant to the provisions of Fed. R. Civ. P. 16(e).

### XXV.   MISCELLANEOUS

1.   Not applicable.

IT IS SO ORDERED.

Dated:   <u>February 12, 2009</u>          <u>      /s/ Oliver W. Wanger      </u>
                                          UNITED STATES DISTRICT JUDGE